IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Allen Grasdalen,<br><br>               Petitioner,<br><br>v.<br><br>J. T. Shartle, Warden,<br><br>               Respondent. | No. CV-15-00299-TUC-JGZ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Keith Allen Grasdalen's *pro se* Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 10). Respondent has filed his Return and Answer to Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus and Motion to Dismiss Petition ("Response") (Doc. 30).[1] Petitioner did not reply. Petitioner has also filed a Motion Seeking Gratuities (Doc. 26) and Motion for Compliance Regarding Gratuities (Doc. 28). Respondent addressed these motions in his Response (Doc. 30). As such,

---

[1] Respondent's Response (Doc. 30) is properly an Answer as directed by the Court's November 12, 2015 Order (Doc. 18). Respondent did not seek leave to file a dispositive motion as required by the Court's November 12, 2015 Order (Doc. 18) at 8. As such, to the extent Respondent's Response (Doc. 30) contains a "Motion to Dismiss," such motion is improper and shall be denied.

both motions are ripe for review.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[2] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court dismiss the Petition (Doc. 10) for lack of jurisdiction.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was released from the Bureau of Prisons' ("BOP") custody on April 14, 2016. *See* BOP Inmate Locator, *available at* http://www.bop.gov/inmateloc (last visited May 27, 2016). On April 23, 2008, Petitioner pleaded guilty to one count of Possession of Child Pornography in violation of Section 2252A(a)(5)(B), Title 18 of the United States Code. Response (Doc. 30), Bowers Decl. (Exh. "A"), Judgment in a Criminal Case, *United States v. Keith Allen Grasdalen*, Case No. 5:07-CR-203-RDP-JEO (N.D. Ala.) (Attach. "1") at 1. Petitioner was sentenced to 120 months imprisonment followed by lifetime supervised release. *Id.*, Exh. "A," Attach. "1" at 2–3. Petitioner was incarcerated at the United States Penitentiary Tucson ("USP–Tucson") in Tucson, Arizona from February 21, 2014 until December 21, 2015. *Id.*, Exh. "A," Inmate History 12/26/2015 (Attach. "2") at 1.

Petitioner filed his initial petition (Doc. 1) on July 13, 2015, which was subsequently amended pursuant to Order of this Court. *See* Order 8/18/2015 (Doc. 9); Amended Petition (Doc. 10). Petitioner alleges four (4) grounds for relief: (1) despite

---
[2] Rules of Practice of the United States District Court for the District of Arizona.

- 2 -

being in the final months of his sentence, he has not been afforded placement at a Community Corrections Center ("CCC") or Residential Reentry Center ("RRC") in violation of 18 U.S.C. § 3624(c); (2) because he has less than a year on his sentence, BOP's failure to designate him to a CCC or RRC violates the Second Chance Act, 42 U.S.C. § 17501, *et seq.* and 18 U.S.C. § 3621; (3) the Community Corrections Manager's ("CCM") decision to deny Petitioner's placement in an RRC fails to conform with BOP's regulations pursuant to 18 U.S.C. § 3624(c); and (4) BOP's failure to look for CCC/RRC placement outside of the Northern District of Alabama allegedly violates 18 U.S.C. § 3621(b). Petition (Doc. 10) at 4–7; *see also* Preamble/Memorandum (Doc. 14).

## II. ANALYSIS

### A. *Jurisdiction*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). The Administrative Procedure Act ("APA") {provides a cause of action for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute,' 5 U.S.C. § 702, but withdraws that cause of action to the extent that the relevant statute 'preclude[s] judicial review' or the 'agency action is committed to agency discretion by

law,' *id.* § 701(a)." *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (alterations in original). "Congress delegated to the BOP the duty to manage and regulate all federal penal and correctional institutions." *Id.* (citing 18 U.S.C. § 4042(a)(1). Section 3625, 18 U.S.C., titled "Inapplicability of the Administrative Procedure Act," expressly states that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision or order under [18 U.S.C. §§ 3621–3625]." 18 U.S.C. § 3625. As such, the Ninth Circuit Court of Appeals has unequivocally held that:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into [an RCC] . . . is not reviewable by the district court.

*Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

Petitioner's Petition (Doc. 10) challenges decisions made pursuant to 18 U.S.C. §§ 3621 & 3624. In light of the foregoing, this Court is without jurisdiction to hear those claims. Petitioner's Petition (Doc. 10) will be dismissed for lack of jurisdiction.

### *B. Motions for Gratuities*

Petitioner seeks an Order from this Court directing Respondent to "give [Petitioner] the maxim[um] grantuite [sic] of $500.00 due to haveing [sic] no money on [his] account for the past 30 days." Motion for Gratuities (Doc. 26) at 1; Motion for Compliance Regarding Gratuities (Doc. 28) at 2. Section 3624(d), 18 U.S.C., governs the allotment of money to a prisoner upon his or her release. This section provides in relevant part that:

- 4 -

> Upon the release of a prisoner[,] . . . the Bureau of Prisons shall furnish the prisoner with—(2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished.

18 U.S.C. § 3624(d). As discussed in Section II.A., *supra*, this Court is without jurisdiction to review "any determination, decision or order made pursuant to 18 U.S.C. §§ 3621–3624." Accordingly, the Court will dismiss Petitioner's motions for lack of jurisdiction.

### *C. Conclusion*

Based upon the foregoing, the Court finds that it is without jurisdiction to review Petitioner's Petition (Doc. 10) or his pending motions regarding gratuities (Docs. 26 & 28).

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) DISMISSING FOR LACK OF JURISDICTION Petitioner's Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 10);

(2) DISMISSING FOR LACK OF JURISDICTION Petitioner's Motion Seeking Gratuities (Doc. 26) and Motion for Compliance Regarding Gratuities (Doc. 28); and

(3) DENYING Respondent's Motion to Dismiss Petition (Doc. 30).

- 5 -

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number:  **CV-15-0299-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 31st day of May, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge